UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**INGE UYS,**

        **Plaintiff,**

v.                                          Case No. 6:20-cv-1143-CEM-EJK

**COLIN ALWIN HARRIS and**
**COLHAR CINEMA LLC,**

        **Defendants.**
_____/

# ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 51), to which Plaintiff filed a Memorandum in Opposition (Doc. 58). For the reasons stated herein, the Motion will be denied, but the Court will *sua sponte* dismiss the Second Amended Complaint (Doc. 48) as a shotgun pleading.

## I. BACKGROUND

This case involves a dispute regarding Plaintiff's appearance as a lead actress in a film produced by Defendants. (Doc. 48 at 2–4). Plaintiff alleges that she auditioned for, was offered, and accepted a lead role in a film called Haima, which was filmed by Defendants in 2013. (*Id.* at 3). Prior to release of the film, it was Plaintiff's understanding that her role would not involve any nudity but that the role did "call[] for a short sex scene which would be tastefully shot on a closed set." (*Id.*

at 3; *id.* at 3–5, 8). However, Plaintiff contends that in 2016, "[w]hile watching the [f]ilm for the first time, [she] was stunned and embarrassed to see that the [s]ex [s]cene was not 'tastefully' portrayed . . . , but instead contained long, close-up, and clear graphically visual shots of simulated sex acts," including shots of Plaintiff's "naked breast." (*Id.* at 14–16). Then, in or around June 2018, Plaintiff learned that the film was "available for streaming and download via Amazon Prime" and later that "footage from the [s]ex [s]cene was uploaded to a pornography website and made available to the public without [Plaintiff's] consent." (*Id.* at 16).

In June 2020, Plaintiff filed this action. (Compl., Doc. 1, at 1). Plaintiff asserts eight counts related to her role in the film. (Doc. 48 at 16–25). Defendants move to dismiss all counts. (*See generally* Doc. 51).

## II. ANALYSIS

### A. Amount in Controversy

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Mindful of this, the Court must always "zealously [e]nsure" that subject-matter jurisdiction exists "at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Therefore, as a threshold issue, the Court will briefly address Defendants' argument that Plaintiff's Second Amended Complaint fails to satisfy the amount in controversy necessary for federal diversity jurisdiction.

The Second Amended Complaint states as the basis for subject matter jurisdiction *both* diversity jurisdiction pursuant to 28 U.S.C. § 1332 *and* federal question jurisdiction under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. (Doc. 48 at 2). Because this Court clearly has federal question jurisdiction over this action, the Court need not address whether diversity jurisdiction is properly alleged. *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 n.3 (11th Cir. 2013). Further, this Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

### B.   Evidence Attached to the Motion to Dismiss

Defendants purport to primarily move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Doc. 51 at 7, 25, 26, 27, 28, 29). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The Court may look beyond the complaint if the evidence presented is "central to the plaintiff's claim, and . . . its authenticity is not challenged," *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015)), if "documents [are] incorporated into the complaint by reference," *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013), or if there are "matters of which a court may take judicial notice," *id.*

In their Motion, Defendants attach and rely on Harris's Declaration (Doc. 30) and a slew of other evidence attached thereto. (*See* Doc. 51 at 5 n.1). Defendants then summarily conclude—without any explanation—that Harris's Declaration and

the documents attached thereto "meet the standard for this exception." (Doc. 51 at 18). First, the Court cannot divine which exception Defendants contend this evidence falls under—whether it be documents central to the complaint, documents incorporated into the complaint by reference, or documents that the Court may take judicial notice of. Second, if these documents are central to Plaintiff's claims, Defendant does not explain why. Finally, Defendant does not explain why the authenticity of Harris's own declaration would not be disputed. Therefore, the Court will not consider Harris's Declaration or the evidence attached thereto at the motion to dismiss stage. *Medline Indus. v. Kimberly-Clark Corp.*, No. 1:17-CV-2032-SCJ, 2018 U.S. Dist. LEXIS 233896, at *14 n.17 (N.D. Ga. Feb. 28, 2018) (holding that "it is not proper to consider [a] declaration[—]i.e., a matter outside the pleading and not within the rules of judicial notice[—]in the context of a 12(b)(6) motion, as said declaration is not central to the complaint and is disputed by Defendants" (citing *Stevens v. Osuna*, 877 F.3d 1293, 1310 n.16 (11th Cir. 2017))).

    C.    **Shotgun Pleading**

Defendants do not raise the argument that the Second Amended Complaint is a shotgun pleading, but "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty.*

*Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit defines four types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*; *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (discussing "[t]he typical shotgun complaint" and explaining that it forces "the trial court [to] sift out the irrelevancies, a task that can be quite onerous"). The Second Amended Complaint is a clear example of the most common type of shotgun pleading, with each count incorporating everything that comes before it. (*See, e.g.*, Doc. 48 at 24 (noting that Count VIII, which begins at paragraph 149, "re-alleges and re-avers paragraphs one (1) through one hundred forty-eight (148) as though fully set forth herein")). Therefore, the Court will dismiss the Second Amended Complaint and allow Plaintiff an opportunity to cure this deficiency.[1] *Vibe Micro*, 878 F.3d at 1296 ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give [her] one chance to replead before dismissing [her] case with prejudice on non-merits shotgun pleading grounds.").

---

[1] Because the Court will dismiss the Second Amended Complaint as a shotgun pleading, the Court will not address the remaining arguments in Defendants' Motion that do not rely on Harris's Declaration or the attachments thereto.

### III. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 51) is **DENIED.**

2. The Second Amended Complaint is **DISMISSED without prejudice** as a shotgun pleading.

3. On or before May 25, 2021, Plaintiff may file a Third Amended Complaint. Failure to do so may result in this case being dismissed with prejudice.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record